IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL ROACH                                                                                                PLAINTIFF

vs.                                                  Civil No. 6:08-cv-06092

MICHAEL J. ASTRUE                                                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michael Roach ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed his disability applications on January 31, 2006.  (Tr. 16, 65-67, 309-316). Plaintiff alleged he was disabled due to heart problems, back problems, and diabetes.  (Tr. 90). Plaintiff alleged an onset date of January 1, 2004.  (Tr. 16, 65-67).  These applications were initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

denied on April 4, 2006 and were denied again on reconsideration on October 27, 2006. (Tr. 31-35). On November 1, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 42). This hearing request was granted, and a hearing on this matter was held on January 23, 2008 in Hot Springs, Arkansas. (Tr. 332-353). Plaintiff was present and was represented by counsel, Mike Angel, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had obtained his GED. (Tr. 336).

On April 25, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 16-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on his alleged onset date and continued to meet them through March 31, 2008. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2004, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: coronary artery disease, back pain, and diabetes. (Tr. 17, Finding 3). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-19, Finding 4). In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 19-22). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's

subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of light work. (Tr. 19, Finding 5). According to the Social Security Regulations ("Regulations"), "light work" includes the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b), 416.967(b).

The ALJ then considered whether Plaintiff retained the RFC to perform his Past Relevant Work ("PRW"). (Tr. 22, Finding 6). Plaintiff and the VE testified at the administrative hearing that Plaintiff's PRW included work as a machine operator (semi-skilled, medium), door installer (semi-skilled, heavy), die cast machine operator (skilled, heavy), and laborer (unskilled, medium). (Tr. 22). After reviewing his PRW, the ALJ determined Plaintiff was unable to perform any of his PRW. (Tr. 22, Finding 6). However, the ALJ also determined, considering his RFC, age, education, and work experience, that he was not disabled pursuant to Section 416.969 of Regulations No. 4 and No. 16 and Medical-Vocational Rule 202.22. (Tr. 22-23, Finding 10). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 23, Finding 11).

On May 22, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9-12). *See* 20 C.F.R. § 404.968. On April 25, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 13-15). On October 14, 2008, Plaintiff filed the

3

present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 22, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings this appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims this case should be reversed and remanded because the ALJ failed to address his "work history in making his credibility determination." (Doc. No. 7, Pages 7-10). Plaintiff acknowledges the ALJ made several findings in assessing his credibility but claims the ALJ did not mention his "positive work history in any regard." *See id.* at 8. In response, Defendant argues the ALJ properly analyzed Plaintiff's subjective

5

complaints and discounted them for legally-sufficient reasons. (Doc. No. 8, Pages 3-8). Defendant also argues that Plaintiff's work history *detracts* from his credibility and shows "a pattern of work instability and job jumping." *See id.* at 8. Defendant argues that in the "15 years prior to his alleged onset date the record indicates that he had as many as 13 different jobs," which shows Plaintiff had not "demonstrated that he had a consistent history as a devoted long-term employee." *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly assessed Plaintiff's credibility. In his opinion, the ALJ stated the *Polaski* factors and noted the following inconsistencies between Plaintiff's subjective complaints and the record: (1) there was no evidence of any health care provider restricting Plaintiff from all work activities; (2) Plaintiff's contention of visual impairment was discredited by the assessment of his physician; (3) after Plaintiff underwent lumbar surgery in 2000, he was released to work; (4) there was no evidence Plaintiff had ever been assessed with diabetic neuropathy or a rental impairment; and (5) the written statements of Plaintiff's family members were not supported by the medical evidence and Plaintiff's Function Report. (Tr. 21-22). These findings are sufficient to satisfy the requirements of *Polaski*, and, accordingly, the ALJ's credibility determination is entitled to deference and should be affirmed. *See Lowe,* 226 F.3d at 971-72.

As for Plaintiff's claim regarding his "positive work history," the record actually demonstrates he has a history of work instability and job changes. (Tr. 128). In the fifteen years prior to his alleged onset date, Plaintiff reported that he had as many as thirteen different jobs. (Tr.

7

121-122). While it is true Plaintiff apparently has "maintained substantial gainful employment for a period of 25 years," Plaintiff's work history certainly does not demonstrate a consistent work record. In fact, several of the jobs that he reported as past relevant work he only worked for "a few weeks," "a few mos.," or "a few days." (Tr. 121-122). Despite Plaintiff's argument to the contrary, such inconsistent work does not demonstrate a "positive work history." This work history also does not merit a reversal of the ALJ's disability determination, which is otherwise supported by substantial evidence and is entitled to deference.

Furthermore, despite Plaintiff's claims to the contrary, the simple fact Plaintiff was diagnosed with several different impairments does not establish that all of his subjective complaints are credible. Absent a showing that Plaintiff's impairments meet or equal the requirements of one of the Listings, the mere existence of these impairments or diagnoses does not establish a *per se* disability. *See Dunlap v. Harris,* 649 F.2d 637, 638 (8th Cir. 1981) (holding that the "mere existence, however, of mental disturbance is not *per se* a disability within the meaning of the Act."). Accordingly, this Court will not find that Plaintiff is disabled and his subjective complaints are credible based upon the simple fact that he has been diagnosed with several different impairments.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 2nd day of December, 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE